NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| TIM S., | ) | |
| | ) | Supreme Court No. S-15096 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-00087 CN |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT* |
| OF HEALTH & SOCIAL SERVICES, | ) | |
| OFFICE OF CHILDREN'S SERVICES, | ) | No. 1475 – January 29, 2014 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Glenda Kerry, Law Office of Glenda J. Kerry, Girdwood, for Appellant. Harriet Dinegar Milks, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellee State of Alaska. Christi A. Pavia, Pavia Law Office LLC, Anchorage, for Appellee M.R.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

---

\*    Entered under Alaska Appellate Rule 214.

1. Tim S.[1] appeals the trial court's termination of his parental rights to his daughter, an Indian child for purposes of the Indian Child Welfare Act.[2] Tim challenges the trial court's findings that (1) his daughter, Kayla, was subjected to conduct or conditions described in AS 47.10.011, (2) he failed to remedy conduct or conditions that endangered Kayla, (3) the State made active efforts to prevent the breakup of his family, and (4) termination of his parental rights is in Kayla's best interests. We find no merit to any of Tim's arguments, and we therefore affirm the trial court's order terminating Tim's parental rights to Kayla.

2. Tim's challenge to the trial court's finding that Kayla was subjected to conduct or conditions described in AS 47.10.011 fails because he contests only the finding that Kayla was subjected to conduct or conditions described in AS 47.10.011(2) (parental incarceration). He does not challenge the trial court's findings that Kayla was subjected to conduct or conditions described in AS 47.10.011(1) (abandonment), (9) (neglect), and (10) (parental substance abuse), each of which is independently sufficient to satisfy the statute.[3]

3. Tim's challenge to the trial court's finding that he did not remedy conduct or conditions that endangered Kayla fails for the same reason.

4. Tim's challenge to the trial court's finding that the State made active efforts to prevent the breakup of his family fails because (a) Tim refused to cooperate

---

[1] Pseudonyms are used to protect the privacy of the family.

[2] 25 U.S.C. §§ 1901-1963 (2006).

[3] *See Alyssa B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 165 P.3d 605, 618 (Alaska 2007); *Rick P. v. State, OCS*, 109 P.3d 950, 956 (Alaska 2005).

with the State's efforts on his behalf,[4] (b) the State's prohibition on Tim having contact with Kayla was imposed in compliance with the recommendation of Kayla's therapist, and (c) Tim's challenge to the State's efforts focuses in large part on his opposition to the State's placement decision, a separate and distinct matter from the trial court's decision to terminate his parental rights.[5]

5.     Tim's challenge to the trial court's finding that terminating his parental rights will serve Kayla's best interests is based entirely on his assertion that OCS erred in not placing Kayla with his mother. Tim argues that placement with his mother, who lives in California, would remove Kayla from Tim's sphere of influence, and she would thus no longer be in need of aid. This argument fails for several independent reasons. First, as noted above, questions of placement are distinct from a trial court's determination whether to terminate a parent's parental rights. Second, because Tim's mother lives outside Alaska, Kayla cannot be placed with her until an evaluation of the mother's home under the provisions of the Interstate Compact on the Placement of Children[6] has been completed. Such an evaluation was in process at the time of the termination trial. Finally, Tim's argument fundamentally misconstrues

---

[4]     Tim complains that his OCS social worker insisted on visiting him in person rather than attempting to communicate with him in writing, and that the social worker's efforts to engage him personally would have failed even if she had tried "one hundred times." Tim's dismissal of OCS's efforts because they consisted primarily of attempts to meet with him is unpersuasive. The trial court's finding in this regard is apt: Tim "basically blame[s] everybody else in the world for his problems other than himself." Moreover, as we recognized in *Pravat P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 249 P.3d 264, 272 (Alaska 2011), "a parent's lack of cooperation may excuse minor faults in OCS's efforts."

[5]     *See Lucy J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 244 P.3d 1099, 1120 (Alaska 2010).

[6]     AS 47.70.010-.080.

OCS's mission. OCS has a duty not merely to remove children from dangerous situations, but also to attempt to reunite families from which children have been removed and, if that attempt fails, to find permanent, secure placements for children who have been removed from their families that will serve the children's best interests.[7]

6. For the foregoing reasons the trial court's order terminating Tim's parental rights to his daughter Kayla is AFFIRMED.

---

[7] *See* AS 47.10.080, .088.